IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHELLE HU,                          :    CIVIL ACTION
                                      :    NO. 16-5037
          Plaintiff,                  :
                                      :
     v.                               :
                                      :
HERR FOODS, INC.,                     :
                                      :
          Defendant.                  :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              April 24, 2017


          Plaintiff Michelle Hu ("Plaintiff") brings this

putative class action on behalf of herself and others similarly

situated against Defendant Herr Foods, Inc. ("Defendant"),

alleging that Defendant misbranded approximately one dozen snack

food products, including potato chips, cheese curls, tortilla

chips, popcorn, and onion rings.  Defendant filed an answer to

Plaintiff's Amended Complaint, together with a motion for

judgment on the pleadings and a motion for sanctions.  Plaintiff

opposes both motions.  For the reasons that follow, the Court

will grant in part and deny in part Defendant's motion for

judgment on the pleadings, deny Defendant's motion for

sanctions, dismiss all three counts of Plaintiff's Amended

Complaint, and grant Plaintiff leave to amend Counts I and II of her Amended Complaint.

## I.  FACTUAL BACKGROUND

Defendant is a Pennsylvania corporation that sells a variety of snack food products.  See Am. Compl. ¶¶ 12, 14, ECF No. 18.  Plaintiff identifies at least twelve of Defendant's products ("the Products") that Plaintiff alleges bear the label "No Preservatives Added."  See id. ¶ 2.  Plaintiff alleges that these statements are also displayed on Defendant's website.  See id. ¶ 16.  Plaintiff is a New York resident who alleges that she purchased one of the Products, Herr's Honey Cheese Curls, for personal consumption for $1.09 in New York State "[d]uring the class period."  Id. ¶ 11.

According to Plaintiff, by representing that the Products had "No Preservatives Added," Defendant sought to capitalize on consumers' preferences for less processed products with fewer additives.  See id. ¶ 17.  Plaintiff alleges that, contrary to Defendant's representations, all of the Products contain a preservative as an ingredient: citric acid.  See id. ¶ 1.  Plaintiff attaches as an exhibit the purported "Nutrition Facts" for each of the Products, which contain "citric acid" in the list of ingredients.  See id. ¶ 2; Ex. A.

Plaintiff provides the following support for her allegation that citric acid is a preservative:

(1) a chart from the Food and Drug Administration ("FDA") website listing citric acid as an example of a preservative;

(2) an FDA warning letter informing the manufacturer of other, unrelated products that the products are misbranded within the meaning of 21 U.S.C. § 343(j), "in that they contain the chemical preservative ascorbic acid and citric acid" but their labels fail to declare the preservatives with a description of their functions;

(3) an article from an online magazine identifying citric acid as an antioxidant;

(4) an article from the website FoodNavigator.com stating that citric acid has the potential to enhance the shelf life of stored food;

(5) a National Research Council article noting the usefulness of citric acid in protecting against spoilage;

(6) the ingredient list for another manufacturer's crouton product, which states that citric acid is "added to maintain freshness;"

(7)  a patent for a potato-blanching process that discusses the preservative properties of citric acid; and

(8)  various sources discussing the effectiveness of citric acid in preventing the growth of salmonella.

Id. ¶¶ 21-34.

Plaintiff alleges that she and the putative class members did not know, and had no reason to know, that the Products were "misbranded."  See id. ¶ 49.  Plaintiff further alleges that she and the putative class members would not have purchased the Products had they known "the truth" about them. Id.  Plaintiff claims that she did, and a reasonable consumer would, attach importance to Defendant's "No Preservatives Added" representation because "it is common knowledge that consumers prefer to avoid foods with potentially unhealthy additives." Id. ¶ 50.  Thus, Plaintiff claims, the representation was a "material factor" in her and the putative class members' decisions to purchase the Products.  Id. ¶ 51.

Plaintiff claims that she was injured because she would not have purchased the Products, or would have only been willing to pay less for them, if she had known the truth about Defendant's misrepresentation regarding preservatives.  See id. ¶ 53.  Accordingly, she asserts that she was injured in the amount of the purchase price or, alternatively, in the amount of the price premium she paid.  See id.

4

## II.   PROCEDURAL HISTORY

Plaintiff filed this action against Defendant in the Eastern District of New York on June 20, 2016.  ECF No. 1.  The case was initially assigned to Judge Ann M. Donnelly.  See id. At a pre-motion conference held before Judge Donnelly on September 15, 2016, the parties indicated that they had reached an agreement to transfer the case to the Eastern District of Pennsylvania.  See id.  The case was subsequently transferred to this Court.  See id.

Defendant filed an answer to the initial complaint on October 12, 2016, ECF No. 4, and filed a motion for judgment on the pleadings the next day, ECF No. 7.  In the motion, Defendant accused Plaintiff of copying entire sections of the complaint from complaints in other, unrelated actions, and indicated that it intended to file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  See ECF No. 8 at 32.

On October 19, 2016, Plaintiff filed a letter with the Court requesting leave to amend her complaint, ECF No. 10, which Defendant vigorously opposed, ECF No. 11.  The Court granted Plaintiff's motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and without prejudice to Defendant's ability to file a motion for sanctions under Federal Rule of Civil Procedure 11 at a later date.  See ECF No. 15.

Plaintiff filed an Amended Complaint on November 10, 2016. ECF No. 18. Plaintiff asserts three claims, all of which are premised on Defendant's alleged use of the phrase "No Preservatives Added" on labels for products containing citric acid: (1) a claim for injunctive relief for violations of New York's Deceptive Acts or Practices Law, General Business Law ("GBL") § 349 (Count I); (2) a claim for damages for violations of GBL § 349 (Count II); and (3) unjust enrichment (Count III). See Am. Compl. ¶¶ 66-89, ECF No. 18.

Defendant filed an answer to the Amended Complaint on November 29, 2016. ECF No. 22. On December 2, 2016, Defendant filed a motion for judgment on the pleadings. ECF No. 23. Plaintiff filed a response on December 16, 2016. ECF No. 24.

On January 12, 2017, Defendant filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that the allegations in Plaintiff's original and amended complaints indicate that Plaintiff's counsel failed to conduct a reasonable investigation prior to filing those pleadings. See ECF No. 27. Plaintiff filed a response in opposition to the motion on January 13, 2017, ECF No. 29, and Defendant filed a declaration in further support of the motion on January 18, 2017, ECF No. 30.

The Court held a hearing on the motion for judgment on the pleadings, and is now ready to rule on both motions.

## III. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only if the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368 (1969)). In reviewing a Rule 12(c) motion, a court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

When a party's Rule 12(c) motion is "based on the theory that the plaintiff failed to state a claim," the motion is "reviewed under the same standards that apply to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013). In order to withstand a motion to dismiss, a complaint must include factual allegations sufficient to "raise

a right to relief above the speculative level." <u>Bell Atl. Corp.</u>
<u>v. Twombly</u>, 550 U.S. 544, 555 (2007). Satisfying that standard
"requires more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action will not do."
<u>Id.</u> Rather, the pleadings "must contain sufficient factual
matter, which if accepted as true, states a facially plausible
claim for relief." <u>Caprio</u>, 709 F.3d at 147. A claim possesses
such plausibility "when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." <u>Ashcroft v.</u>
<u>Iqbal</u>, 556 U.S. 662, 678 (2009).

    B.   <u>Motion for Sanctions</u>

      Rule 11(b) of the Federal Rules of Civil Procedure
provides that by presenting a pleading, written motion, or other
paper to a federal court, an attorney "certifies that to the
best of the person's knowledge, information, and belief, formed
after an inquiry reasonable under the circumstances:"

    (1)   it is not being presented for any improper
          purpose, such as to harass, cause
          unnecessary delay, or needlessly increase
          the cost of litigation;

    (2)   the claims, defenses, and other legal
          contentions are warranted by existing law or
          by a nonfrivolous argument for extending,
          modifying, or reversing existing law or for
          establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Federal Rule of Civil Procedure 11(c)(2), in turn, permits a party to file a motion for sanctions against another party on the basis of an alleged violation of Rule 11(b). See Fed. R. Civ. P. 11(c)(2). Prior to filing a motion pursuant to Rule 11(b)(2), however, the moving party must serve the motion on the party allegedly violating Rule 11(b) pursuant to Rule 5. See id. The motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id.

## IV. MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff brings claims for (1) injunctive relief and damages under GBL § 349 (Counts I and II) and (2) unjust enrichment (Count III). Defendant moves for judgment on the pleadings with respect to all three claims.

A.  New York General Business Law § 349

Plaintiff asserts claims under GBL § 349 for damages
(Count I) and injunctive relief (Count II).  New York's GBL
§ 349 prohibits "[d]eceptive acts or practices in the conduct of
any business, trade or commerce or in the furnishing of any
service in this state."  N.Y. G.B.L. § 349.  In order to assert
a claim under GBL § 349, "a plaintiff must allege that a
defendant has engaged in (1) consumer-oriented conduct that is
(2) materially misleading and that (3) plaintiff suffered injury
as a result of the allegedly deceptive act or practice."
Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015)
(quoting Koch v. Acker, Merrall & Condit Co., 967 N.E.2d 675,
675 (N.Y. 2012)).  "The New York Court of Appeals has adopted an
objective definition of 'misleading,' under which the alleged
act must be 'likely to mislead a reasonable consumer acting
reasonably under the circumstances.'"  Cohen v. JPMorgan Chase
& Co., 498 F.3d 111, 126 (2d Cir. 2007) (quoting Oswego
Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,
647 N.E.2d 741, 741 (N.Y. 1995)).

Defendant first argues that Plaintiff's GBL § 349
claims fail as a matter of law because Plaintiff has not
plausibly alleged that citric acid functions as a preservative
in the Products, which Defendant claims is required for
Plaintiff to plead that the label "No Preservatives Added" is

10

materially misleading.  See Def.'s Br. Supp. Mot. J. Pleadings at 5-12 [hereinafter Def.'s Br.], ECF No. 23-1.  Defendant next argues that Plaintiff's GBL § 349 claims are precluded by the "bar on circumvention," which prohibits plaintiffs from pursuing a GBL § 349 claim predicated on statutes that lack private enforcement rights.  See id. at 14-19.  With respect to injury, Defendant argues that Plaintiff's damages claim fails because Plaintiff has not adequately pleaded a proper damages theory, see id. at 20-29, and that Plaintiff's damages claims on behalf of putative class members who do not reside in New York State or cannot prove they purchased a Herr's product in New York State must be dismissed, see id. at 32-33.  Finally, Defendant argues that Plaintiff is not entitled to injunctive relief because there is no likelihood of future harm and Plaintiff has an adequate remedy at law.  See id. at 29-32.

The Court finds that Plaintiff has not adequately pleaded that Defendant's statements were materially misleading, and therefore that Plaintiff has not stated a claim for injunctive relief or damages under GBL § 349.  Accordingly, the Court will not reach the remainder of Defendant's arguments.

Plaintiff's claim that Defendant's labeling for the Products is "materially misleading" rests on three facts: (1) the Products contain citric acid, (2) citric acid is a preservative, and (3) the Products contain the label "No

Preservatives Added."  Defendant argues that a particular
ingredient cannot be a "preservative" within a product unless it
actually functions to preserve that product, and that Plaintiff
has failed to adequately plead that citric acid has a
preservative function in the Products.  See Def.'s Br. at 6-12.
Therefore, Defendant argues, Plaintiff has not pleaded that the
Products are mislabeled, as required to state a claim for
damages or injunctive relief under GBL § 349.  See id.

In response, Plaintiff argues that (1) she has
adequately pleaded that citric acid is a preservative, and
(2) whether or not Defendants intended to use citric acid for
some other purpose in the Products and whether or not citric
acid actually functions to preserve the Products are questions
of material fact that are not resolvable on a motion for
judgment on the pleadings.  See Pl.'s Br. Opp. Def.'s Mot. J.
Pleadings [hereinafter "Pl.'s Opp."] at 4-13, ECF No. 24.

Defendant does not claim that the Products do not
contain citric acid.  Indeed, Plaintiff includes photocopies of
the ingredient panels for each of the Products as an exhibit to
the Amended Complaint, and each of the twelve labels lists
citric acid as an ingredient.  See Am. Compl. Ex. A.  Defendant
also does not argue anywhere in its papers that citric acid
cannot act as a preservative.  Instead, Defendant argues that
(1) an ingredient is a "preservative" only if it is used for a

preservative function in a particular product, and that

(2) Plaintiff has failed to plausibly allege that Defendant uses

citric acid for a preservative function in any of the Products.

See id.

Defendants state that the definition of a

"preservative," according to FDA regulations, is whether or not

the ingredient "actually functions to 'prevent or retard'

deterioration in a particular foodstuff."  Def.'s Br. at 6

(quoting 21 C.F.R. § 101.22(a)(5)).  In accordance with this

definition, Defendant explains, the FDA requires manufacturers

to identify an ingredient as a "preservative" on the list of

ingredients in the back panel of a product only if the

ingredient "functions" as a preservative.  Id. (citing FDA

Warning Letter ("If the citric acid is functioning as a

preservative in your finished juice products, that function

needs to be included in accordance with the requirements of

section 403(k) of the Act.")).  As a result, Defendant argues, a

particular ingredient (such as citric acid) is not a

preservative with respect to a particular product if the

ingredient does not "actually function" to preserve that

product.  Because Plaintiff has failed to allege that citric

acid actually functions to preserve the Products, Defendant

contends, Plaintiff has not established that citric acid is a

preservative in the Products, in particular.  As a result,

Defendant argues, Plaintiff cannot establish that the statement "No Preservatives Added" is misleading.

Courts evaluate whether a statement is misleading in violation of GBL § 349 based on the objective standard of the "reasonable consumer."  See Cohen, 498 F.3d at 126 (a statement is "misleading" in violation of GBL § 349 if it would mislead a "reasonable consumer acting reasonably under the circumstances" (quoting Oswego Laborers' Local 214 Pension Fund, 647 N.E.2d at 741)).  Therefore, the relevant definition of a "preservative" with respect to Plaintiff's GBL § 349 claims is what a "reasonable consumer" believes the word "preservative" to mean.

Plaintiff alleges that a "reasonable consumer" would "understand a preservative to be a substance that prevents or retards food spoilage."  Am. Compl. ¶ 43.  According to Plaintiff, a reasonable consumer's definition of a preservative does not depend on the ingredient's functionality: Plaintiff alleges that a preservative is any substance that can prevent or retard food spoilage.  If an ingredient in a product has that ability, according to Plaintiff, then the ingredient is a preservative, regardless of whether or not it has a preservative function in that particular product.  Therefore, Plaintiff alleges, citric acid is a preservative whether or not it has a preservative function in the Products.

The Court is not persuaded by Defendant's argument that the only reasonable definition of a preservative, as a matter of law, is the FDA definition. However, the Court agrees with Defendant that Plaintiff has not adequately pleaded that a reasonable consumer would define an ingredient as a preservative regardless of its functionality – i.e., even if the ingredient does not actually preserve that particular product. While Plaintiff's well-pleaded allegations are accepted as true at this stage, the Court is not required to credit legal conclusions as factual allegations. Plaintiff's allegation regarding a reasonable consumer's definition of a preservative is a legal conclusion, and Plaintiff has not provided any other allegations supporting her theory of the definition of a preservative. Plaintiff has therefore failed to state a claim with respect to that theory. Accordingly, the Court will grant Defendant's motion for judgment on the pleadings with respect to Plaintiff's theory that a reasonable consumer would understand an ingredient in a particular product to be a preservative, regardless of whether it actually preserves the product.

In response to Defendant's motion, Plaintiff also argues that even if the Court applies a "functional" definition of preservative – i.e., that an ingredient is a preservative within a particular product only if it actually acts to preserve that product – the Amended Complaint would still state a claim

for a violation of GBL § 349 because citric acid has a preservative function in the Products.  See Pl.'s Opp. at 10-13.

The Amended Complaint contains numerous allegations from magazines, industry publications, and websites discussing citric acid's preservative properties in certain other products, such as packaged pineapple, croutons, chicken carcasses, and beef trim.  See Am. Compl. ¶¶ 21-34.  Plaintiff also alleges that citric acid may prevent salmonella, citing various academic studies, see id. at ¶¶ 30-34, although Plaintiff herself acknowledges that "outbreaks of Salmonella and other bacteria are less likely in dry foods like Defendant's Products," id. at ¶ 31.  Following this set of allegations about the use of citric acid by other food manufacturers in other products, Plaintiff alleges that "it is not at all surprising that Defendant's seasoned products should contain citric acid, which helps minimize the probability and severity of such bacterial outbreaks and thus preserves the food against bacterial contamination."  Id. ¶ 35.

As an initial matter, it is unclear whether Plaintiff has squarely alleged that citric acid does function as a preservative in the Products - as opposed to alleging that the Products contain citric acid, and then separately alleging that citric acid in general "helps minimize the probability and severity of such bacterial outbreaks and thus preserves the food

against bacterial contamination." Id. More importantly, as Defendant points out, none of Plaintiff's allegations about the potential uses for citric acid in other, unrelated products suggest that citric acid would function to preserve the Products at issue in this action. See Def.'s Br. at 7-10. For example, Defendant argues, scholarly articles examining the use of citric acid to protect chicken carcasses and beef trim against the growth of salmonella do not compel the conclusion that citric acid would have the same function in the Products, which are dry snack foods. See id. at 8-9.

Plaintiff points to her allegation that the FDA recalled one of Defendant's products (not one of the Products at issue in this litigation) because it contained a vegetable protein manufactured by a different company that "ha[d] the potential to be contaminated with Salmonella," Am. Compl. ¶ 34 (quoting Food and Drug Administration, Herr Foods Inc. Recalls 'Herr's Cracked Pepper and Sea Salt Flavored' Kettle Style Potato Chips Because of Possible Health Risk, https://www.fda.gov/safety/recalls/ucm203778.htm), in support of the inference that Defendant could have used citric acid in the Products to prevent salmonella. See Pl.'s Opp. at 12-13. Plaintiff argues that because an ingredient containing salmonella was found in a different product manufactured by Defendant, and citric acid may prevent salmonella in certain

meat products, Defendant could have added citric acid to the
Products to prevent similar salmonella outbreaks, because "it is
plausible that a manufacturer might implement effective safety
measures before its manufacturing processes led to an outbreak
of disease." Id. at 13. This chain of speculative assumptions
is simply too attenuated for the Court to draw the "reasonable
inference" that citric acid functions as a preservative in the
Products, even accepting all of Plaintiff's allegations as true.
Iqbal, 556 U.S. at 678.

In response to Defendant's argument that Plaintiff's
allegations, even if true, do not compel the conclusion that
citric acid functions as a preservative in the Products,
Plaintiff argues that whether or not citric acid functions as a
preservative in the Products is a question of fact not
appropriate for resolution on a motion for judgment on the
pleadings. See Pl.'s Opp. at 5-8. Plaintiff relies on Gitson
v. Trader Joe's Co., No. 13-1333, 2014 WL 1048640 (N.D. Cal.
Mar. 14, 2014), in which defendant Trader Joe's argued in
support of its motion to dismiss that its failure to disclose
citric acid as a preservative was not misleading, because citric
acid did not function as a preservative in the products at
issue. Id. at *4. The court denied the motion on the basis
that the plaintiffs specifically pleaded that citric acid
functioned as a preservative in the products at issue, and the

court was obligated to take that allegation as true in considering the motion.  See id.

In Gitson, the plaintiffs specifically alleged that "citric acid . . . function[s] as [a] chemical preservative in the [d]efendant's products," and that citric acid "is functioning as a preservative" in two specific products.  Second Am. Compl. ¶ 73, Gitson v. Trader Joe's Co, No. 13-1333 (N.D. Cal. Nov. 12, 2013), ECF No. 49.  Here, by contrast, Plaintiff does not directly allege that citric acid functions as a preservative in any of the Products.  Instead, Plaintiff asks the Court to draw a chain of inferences that, according to Plaintiff, warrant the conclusion that Defendant decided to use citric acid in an attempt to preserve its Products.  The Court disagrees that Plaintiff's conclusion is a "reasonable inference" from allegations regarding unrelated products.  As Plaintiff's arguments and speculations are not supported by well-pleaded factual allegations in the Amended Complaint, the Court need not accept them as true.[1]  The only other case

_____

[1]     While what might deceive a reasonable consumer is generally a question of fact, courts have dismissed consumer protection claims for failure to state a claim where the plaintiffs' allegations regarding allegedly misleading statements were not plausible.  For example, courts have dismissed (1) a plaintiff's claim that the product label "Crunch Berries" would mislead a consumer into believing that a "sweetened corn and oat cereal" contained real berries, see Werbel v. Pepsico, Inc., No. 09-4456, 2010 WL 2673860, at *4 (N.D. Cal. July 2, 2010), as well as (2) the claim that the

Plaintiff cites in support of her argument is inapplicable for the same reason.[2]

Accordingly, the Court finds that Plaintiff has failed to state a claim with respect to Counts I and II of her Amended Complaint.

B.  Unjust Enrichment

Count III of Plaintiff's Amended Complaint asserts a claim for unjust enrichment under New York state law.  See Am. Compl. ¶¶ 86-89.  "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006) (quoting Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000)).  Defendant argues that Plaintiff's unjust

_____

phrase "With Garden Vegetables" would mislead a consumer into believing that crackers were predominantly vegetables, see Henderson v. Gruma Corp., No. 10-4173, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011).

[2]      In Jones v. ConAgra Foods, Inc., 912 F. Supp. 2d 889 (N.D. Cal. 2012), the plaintiffs alleged that the defendant's "natural" label on products containing citric acid was misleading because the defendant used a chemically derived, rather than naturally occurring, form of citric acid in its products.  See id. at 900-01.  The court denied the defendant's motion to dismiss that claim on the basis that it would be improper for the court to dismiss the plaintiff's claim without factual evidence that the defendant's products included the naturally derived form of citric acid.  See id.

enrichment claim fails as a matter of law because (1) it is duplicative of Plaintiff's claims under GBL § 349, and (2) Plaintiff has not alleged any "dealings" with Defendant, as required to state an unjust enrichment claim.  See Def.'s Br. at 33-36.

The New York Court of Appeals has held that "unjust enrichment is not a catchall cause of action to be used when others fail . . . . An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  Corsello v. Verizon N.Y., Inc., 967 N.E.2d 1177, 1185 (N.Y. 2012).  The court explained that unjust enrichment is available "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."  Id.  As a result, as Defendant points out, district courts in the Second Circuit have repeatedly dismissed unjust enrichment claims where plaintiffs premised those claims on the same allegations as alleged violations of GBL § 349.  See, e.g., Sitt v. Nature's Bounty, Inc., No. 15-4199, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) (dismissing unjust enrichment claim as duplicative of GBL § 349 claim); Hidalgo v. Johnson & Johnson Consumer Cos., 148 F. Supp. 3d 285, 298 (S.D.N.Y. 2015) (same);

Goldemberg v. Johnson & Johnson Consumer Cos., 8 F. Supp. 3d 467, 483-84 (S.D.N.Y. 2014) (same).

In response, Plaintiff argues that (1) New York courts and Rule 8 of the Federal Rules of Civil Procedure permit a plaintiff to plead unjust enrichment claims in the alternative; and (2) this Court held in Whitaker v. Herr Foods, Inc., 198 F. Supp. 3d 476 (E.D. Pa. 2016) (Robreno, J.), that unjust enrichment claims may stand alone under a quasi-contract theory. See Pl.'s Opp. at 23-24.

With respect to Plaintiff's first argument, while Rule 8 does generally allow a plaintiff to plead claims in the alternative, the New York Court of Appeals specifically held in Corsello that a plaintiff may not bring an unjust enrichment claim as an alternative to a conventional contract or tort claim. As discussed above, numerous district courts in the Second Circuit, relying on Corsello, have dismissed unjust enrichment claims as duplicative of GBL § 349 claims. See, e.g., Goldemberg, 8 F. Supp. 3d at 483-84 (dismissing unjust enrichment claim under Corsello and specifically rejecting the plaintiff's Rule 8 argument, because under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), federal courts must defer to state courts as to substantive state common law). Neither of the two New York intermediate appellate court decisions Plaintiff cites compels a contrary result. In both cases, the Appellate

Division for the First Department held that an unjust enrichment claim is not duplicative of a breach of contract claim where the plaintiff alleges that the contracts were induced by fraud. See Pramer, S.C.A. v. Abaplus Int'l Corp., 76 A.D.3d 89, 100 (N.Y. App. Div. 2010); Niagara Mohawk Power Corp. v. Freed, 265 A.D.2d 938, 939 (N.Y. App. Div. 1999). As Defendant notes, both Pramer and Niagara were decided prior to Corsello, and it is questionable whether they are still viable after Corsello. See Def.'s Br. at 35. At any rate, Plaintiff's unjust enrichment claim in this case does not fit within the narrow exception established by Pramer and Niagara, because her claim is not premised on allegations of fraud.

Plaintiff's reliance on Whitaker is also inapposite, as that case involved an unjust enrichment claim brought under Pennsylvania law, not New York law. See Whitaker, 198 F. Supp. 3d, at 492-94. As the Court explained in Whitaker, Pennsylvania law permits a plaintiff to plead unjust enrichment as an alternative to a breach of contract claim if the unjust enrichment claim is based on a theory of quasi-contract, as opposed to a tort theory. Id. at 493. That is not the law in New York. In Corsello, the New York Court of Appeals specifically held that a plaintiff cannot bring an unjust enrichment claim as an alternative to a contract claim.

As Plaintiff has not provided any argument overcoming the New York Court of Appeals' binding precedent in Corsello, Plaintiff has failed to state a claim for unjust enrichment.

C.   Leave to Amend

Ordinarily, when a plaintiff fails to state a claim for relief, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). This is true even where the plaintiff's failure to state a claim is raised in a defendant's Rule 12(c) motion. See, e.g., Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (upon consideration of a Rule 12(c) motion, stating that "leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment").

The question here becomes whether Defendant, having shown that Plaintiff failed to state a claim with respect to all three counts of her Amended Complaint, is entitled to judgment, without Plaintiff being given the opportunity to amend. A court may grant a motion for judgment on the pleadings only if the moving party establishes that it "is entitled to judgment as a matter of law." Soc'y Hill Civic Ass'n, 632 F.2d at 1054. Once judgment is entered, the plaintiff no longer has the ability to

amend her complaint, even upon leave of court, except pursuant
to a motion to alter or amend the judgment under Federal Rule of
Civil Procedure 59(e) or a motion for reconsideration under Rule
60(b).  See Fletcher-Harlee Corp. v. Pote Concrete Contractors,
Inc., 482 F.3d 247, 252 (3d Cir. 2007) ("After judgment
dismissing the complaint is entered, a party may seek to amend
the complaint (and thereby disturb the judgment) only through
Federal Rules of Civil Procedure 59(e) and 60(b).").  A
defendant bringing a motion for judgment on the pleadings is
asking the court to enter judgment – i.e., to end the case
without permitting the plaintiff to amend her complaint.
Therefore, in order for a defendant to meet its burden to
establish that it is entitled to judgment as a matter of law on
the basis of a plaintiff's failure to state a claim, the
defendant must prove that it is entitled to the dismissal of the
plaintiff's claims with prejudice and without leave to amend.
This, in turn, requires the defendant to demonstrate that the
plaintiff is unable to remedy her pleading deficiencies through
the amendment of her complaint, because amendment is futile.
Cf. Gerlach v. Volvo Cars, No. 96-1476, 1997 WL 129004, at *6
(E.D. Pa. Mar. 17, 1997) (denying motion for judgment on the
pleadings after granting plaintiff leave to amend her complaint
on the basis that amendment would not be futile, because, after

granting leave to amend, "it would be premature for the [c]ourt to award judgment as a matter of law").

Defendant has failed to meet that burden here with respect to Counts I and II of Plaintiff's Amended Complaint. While the Court agrees that Plaintiff fails to state a claim with respect to each of the three counts of her Amended Complaint, the Court finds that amendment would not be futile with respect to Counts I and II. The sole deficiency in Counts I and II is a lack of allegations supporting Plaintiff's conclusory statement that citric acid functions as a preservative in the Products, which Plaintiff could remedy by pleading appropriate supporting facts. The Court finds that amendment would be futile, however, with respect to Plaintiff's unjust enrichment claim in Count III, as the New York Court of Appeals has declared that such a claim is not permissible where it merely duplicates or replaces a contract claim.

Therefore, the Court will dismiss all three counts of Plaintiff's Amended Complaint, but will dismiss Counts I and II without prejudice, granting Plaintiff leave to amend Counts I and II. As Defendant has not established that it is entitled to the dismissal of Plaintiff's entire complaint with prejudice, and therefore that it is entitled to the entry of judgment, the Court will grant in part and deny in part Defendant's motion for judgment on the pleadings. The Court will grant Defendant's

motion to the extent that it seeks the dismissal of Plaintiff's claims, but deny the motion to the extent that it seeks the entry of judgment.[3]

## V.    MOTION FOR SANCTIONS

Defendant's motion for sanctions argues that Plaintiff's original Complaint and Amended Complaint both violate Rule 11(b).  See Def.'s Mot. Sanctions, ECF No. 27.

Specifically, Defendant argues that (1) the original complaint contains allegations copied and pasted from other complaints in unrelated actions, indicating that Plaintiff's counsel failed to conduct a "reasonable inquiry" prior to filing the complaint; and (2) the Amended Complaint contains allegations supported by irrelevant and unverified internet

---

[3]       Other judges in this district reaching the same legal conclusion – that a defendant bringing a motion for judgment on the pleadings has established that the plaintiff failed to state a claim but has not demonstrated that the plaintiff's claims should be dismissed with prejudice – have instead taken a different route to achieving the same result, granting the defendant's motion, while also dismissing the plaintiff's complaint with leave to amend.  See, e.g., McLaughlin v. Bayer Corp., 172 F. Supp. 3d 804, 840 (E.D. Pa. 2016) (Padova, J.) (granting defendants' motions for judgment on the pleadings with respect to certain counts, while also granting plaintiffs leave to amend those counts); Bloomfield v. Wissinoming Volunteer Trust Aid Corps, Inc., No. 15-1013, 2015 WL 4077048, at *6 (E.D. Pa. July 6, 2015) (O'Neill, J.) (granting defendants' motion for judgment on the pleadings and granting plaintiff leave to amend her complaint).  While one could question the logic of this approach – i.e., granting a defendant's motion for judgment on the pleadings without entering judgment – the end result is the same under either approach: judgment is not entered and the plaintiff is given the opportunity to amend her complaint.

sources, again indicating that Plaintiff's counsel failed to conduct a "reasonable inquiry." See Def.'s Br. Supp. Mot. Sanctions, ECF No. 27-1. Defendant included a Certificate of Service stating that it served the motion for sanctions on Plaintiff's counsel on December 14, 2016. See id. at 17. Defendant also filed a declaration of its Senior Vice-President of Quality Assurance and Research and Development in further support of the motion for sanctions. ECF No. 30.

In response, Plaintiff argues that (1) she already withdrew the original complaint under Rule 11's safe harbor, and therefore Plaintiff's counsel cannot be subject to Rule 11 sanctions for that filing, and (2) Defendant's arguments regarding the Amended Complaint are frivolous, as the Amended Complaint adequately states claims under GBL § 349 and state law. See Pl.'s Br. Opp. Def.'s Mot. Sanctions, ECF No. 29. Plaintiff also argues that she should be awarded costs under Rule 11(c)(2), which permits the Court to award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. See id. at 1.

The Court's October 25, 2016, order provided that the Court granted Plaintiff's motion for leave to amend the complaint without prejudice to Defendant's ability to file a motion for sanctions under Rule 11 at a later date. See ECF No. 15 at 1 n.1. However, the Court's order did not eliminate the

"safe harbor" provision of Rule 11(c)(2), which states that a motion for sanctions "must not be filed or presented to the court" if the challenged paper is "withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2).

Here, all of Defendant's arguments regarding the original complaint relate to allegations "copied and pasted" from other complaints. Defendant does not assert that the Amended Complaint contains similar "copied and pasted" allegations. Plaintiff therefore corrected any issue with respect to the original complaint through the filing of the Amended Complaint, which was filed prior to Defendant's motion for sanctions. As a result, the Court will deny Defendant's motion with respect to the filing of the original complaint.

With respect to the Amended Complaint, all of Defendant's arguments in the motion for sanctions relate solely to the sufficiency of Plaintiff's allegations that citric acid functions as a preservative in the Products, which is also the subject of Defendant's motion for judgment on the pleadings. While those allegations do not state a plausible claim for relief for the reasons stated above, see supra at 10-20, Defendant has failed to meet its burden to demonstrate that Plaintiff's counsel failed to conduct a reasonable inquiry with respect to the allegations.

Defendant's declaration, which contains sworn statements from a Herr's executive responsible for Herr's research and development division, does not change the analysis. The declaration contains statements that Herr's does not use citric acid as a preservative in any of its snack food products, and that Herr's complies with FDA regulations regarding preservatives. Even if those statements are true, they have no bearing on Defendant's motion for sanctions, as they do not establish that Plaintiff's counsel failed to conduct a reasonable inquiry prior to filing the pleadings. As a result, the Court will also deny Defendant's motion with respect to the filing of the Amended Complaint.

## VI. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendant's motion for judgment on the pleadings. The Court will grant the motion for judgment on the pleadings to the extent that it seeks the dismissal of Plaintiff's claims, but deny the motion to the extent that it seeks the entry of judgment. Instead, the Court will dismiss Counts I and II of Plaintiff's Amended Complaint without prejudice, dismiss Count III with prejudice, and grant Plaintiff leave to amend her complaint with respect to Counts I and II.

The Court will also deny Defendant's motion for sanctions
pursuant to Federal Rule of Civil Procedure 11.

An appropriate order follows.