IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE HU, | : | CIVIL ACTION |
| | : | NO. 16-5037 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HERR FOODS, INC., | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this **25th** day of **September, 2017**, upon consideration of Plaintiff's Second Amended Complaint (ECF No. 39), Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 40), and Plaintiff's Response in Opposition to the Motion to Dismiss the Second Amended Complaint (ECF No. 41), it is hereby **ORDERED** that Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 40) is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 40) is **GRANTED** with respect to Plaintiff's request for an injunction for violations of New York General Business Law ("GBL") § 349 (Count I).[1]  Count I is **DISMISSED**.

---

[1] Plaintiff seeks a judgment enjoining Defendant "from marketing its products as containing 'No Preservatives.'"  Second Am. Compl. ("SAC") ¶ 76, ECF No. 39.  To have standing to seek injunctive relief, Plaintiff must show that (1) she "is under threat of suffering 'injury in fact' that is concrete and particularized"; (2) the threat is "actual and imminent, not conjectural or hypothetical"; (3) the threat is "fairly traceable to the challenged action of the

2. Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 40) is **GRANTED in part** and **DENIED in part** with respect to Plaintiff's claim for damages for violations of GBL § 349 (Count II).  Defendant's motion to dismiss Count II is **GRANTED** to the extent it seeks to (1) limit Plaintiff's damages to the amount of the price premium she paid for the Products, as opposed to the entire purchase price;[2] and (2) limit the putative

---

defendant"; and (4) it is "likely that a favorable judicial decision will prevent or redress the injury."  Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).  A plaintiff seeking prospective relief must demonstrate that she is "likely to suffer future injury" from the defendant's conduct.  City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983).  "In the class action context, that requirement must be satisfied by at least one named plaintiff."  McNair v. Synapse Grp. Inc., 672 F.3d 213, 223 (3d Cir. 2012).  With respect to misbranding claims, in particular, this Court previously held that a plaintiff who alleges that she now knows the true nature of the misrepresentations at issue does not have standing to seek an injunction requiring the defendant to remove the allegedly false or misleading labels, because the plaintiff, knowing the truth, would not purchase the defendant's products in the future, and therefore cannot allege a likelihood of future harm.  See Whitaker v. Herr Foods, Inc., 198 F. Supp. 3d 476, 496 (E.D. Pa. 2016).

Plaintiff's allegations in the instant action are nearly identical to those of the plaintiff in Whitaker, and fail for the same reason.  Plaintiff cites Belfiore v. Procter & Gamble Co., 94 F. Supp. 3d 440 (E.D.N.Y. 2015), in which the court held that the plaintiff had standing to seek injunctive relief under GBL § 349 for allegedly misleading statements despite the lack of a likelihood of future injury on the basis of public policy, explaining that "[t]o hold otherwise would denigrate the New York consumer protection statute."  Id. at 445.  However, as Defendant points out, Belfiore is not binding on this Court, and directly contradicts Lyons and McNair.

[2]   Plaintiff alleges that she and the putative class "would not have purchased the Products, or would only have been willing to pay less for them, had they known the truth."  SAC ¶ 56.  As a result, Plaintiff alleges, the putative class members "were injured in the amount of the purchase price or, alternatively, in the amount of the price premium they paid — the amount they paid beyond what they would

class to consumers who purchased one of the Products in New York,[3] and Plaintiff's damages claim is so limited.  Defendant's motion to dismiss Count II is **DENIED** in all other respects.[4]

---

have been willing to pay had they not been deceived about the Products." Id.  Plaintiff's allegation that she was injured in the amount of the entire "purchase price" fails as a matter of law. Plaintiff cannot plead an injury under GBL § 349 by claiming she bought a product she "would not have purchased, absent a manufacturer's deceptive commercial practices." Small v. Lorillard Tobacco Co., 720 N.E.2d 892, 898 (N.Y. 1999).  Instead, to plead an injury under GBL § 349, "a plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." Orlander v. Staples, Inc., 802 F.3d 289, 302 (2d Cir. 2015) (citing Small, 720 N.E.2d at 898).

[3]     Defendant is correct that the putative class must be limited to consumers who purchased one of the Products in New York. The New York Court of Appeals, finding that the legislature's use of the words "in this state" in GBL § 349 "unambiguously evinces a legislative intent to address commercial misconduct within New York," has held that "the transaction in which the consumer is deceived must occur in New York." Goshen v. Mut. Life. Ins. Co., 774 N.E.2d 1190, 1195 (N.Y. 2002); see also Cruz v. FXDirect Dealer, LLC, 720 F.3d 115, 123-24 (2d Cir. 2013).

[4]     Defendant argues that Plaintiff's damages claim fails because (1) Plaintiff does not plausibly allege a materially misleading statement; (2) the claim is precluded by the "bar on circumvention"; and (3) Plaintiff fails to plead an injury in fact. Def.'s Br. Support Mot. Dismiss [Herr Br.] at 5-10, 15-26, ECF No. 40-1.  None of these arguments has merit.

First, Plaintiff plausibly alleges that the statement "No Preservatives Added" on Defendant's packaging for the products at issue ("the Products") is materially misleading because citric acid functions as a preservative in the Products. See SAC ¶¶ 21-37.  This allegation is supported by the declaration of a food expert, Dr. Marc Meyers, who explains that "irrespective of Defendant's motivations for inserting citric acid in its snack foods (e.g., as a flavoring agent), the citric acid invariably functions as a preservative, because all of the Products at issue in this case contain enough fat to trigger citric acid's preservative qualities." Id. ¶ 37.  Defendant argues that Plaintiff's allegations are "speculative and implausible" because Plaintiff's expert is not qualified to offer an opinion and his sources are irrelevant.  Herr Br. at 5-10.  Defendant's arguments regarding Dr. Meyers' qualifications and the factual basis for his

3

opinions are properly made in support of a motion for summary judgment or motion to exclude expert testimony, not a motion to dismiss. Plaintiff's allegations are sufficient to state a claim at this stage.

Second, Plaintiff's claims are not precluded by the bar on circumvention, which prohibits a private action under GBL § 349 solely premised on the violation of a federal statute lacking a private right of action. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 197-200 (2d Cir. 2014). Plaintiff's claim is not premised on a violation of 21 C.F.R. § 101.22(a)(5), which requires that food packaging ingredient panels contain the description "preservative" for any ingredient that functions as a preservative, and Defendant does not identify any other federal statute or regulation pertaining to the use of preservatives in food packaging. Defendant nonetheless argues that Plaintiff's claim is not free-standing because (1) Plaintiff uses a definition of preservative that is "substantively identical" to the one used in 21 C.F.R. § 101.22(a), Herr Br. at 23; and (2) Plaintiff's claim must be identical to federal legal standards because 21 U.S.C. § 343-1(a) preempts any food labeling requirement that is "not identical to" a relevant federal standard, id. at 22-23 (quoting 21 U.S.C. § 343-1(a)).

Defendant's logic misconstrues § 343-1(a), which only preempts state food labeling requirements that create the same type of requirements as Food and Drug Administration ("FDA") regulations and yet are not identical to those requirements. Cf. Goldemberg v. Johnson & Johnson Consumer Cos., 8 F. Supp. 3d 467, 474 (E.D.N.Y. 2014) (rejecting argument that 21 U.S.C. § 379s(a), containing similar language preempting state laws regarding cosmetic labeling, preempted plaintiff's GBL § 349 claims regarding "Naturals" label and explaining that "for a state law to be preempted, it must be (1) a requirement for labeling or packaging, and (2) not identical with a specific FDCA requirement"). For example, under § 343-1(a), states cannot promulgate requirements for food packaging ingredient panels that are not identical to the requirements in 21 C.F.R. § 101.22(a)(5). Plaintiff's claim does not implicate the same "type" of requirements as § 101.22(a) because it does not relate to statements on an ingredient panel. Instead, Plaintiff's claim relates to statements on a different part of the package, which are solely subject to the FDA's food labeling regulations for "implied nutrient content claims." See 21 C.F.R. § 101.65. Those regulations, in turn, do not contain any requirement regarding preservatives. The regulations specifically state that "[a] claim about a substance that is nonnutritive or that does not have a nutritive function, e.g. 'contains no preservatives,'" is not an implied nutrient content claim and therefore not subject to the requirements of § 101.65. 21 C.F.R. § 101.65(b)(2).

Third, Plaintiff adequately pleads a "price premium" theory of injury in fact. To plead an injury under GBL § 349, "a plaintiff must allege that, on account of a materially misleading practice, she

4

**AND IT IS SO ORDERED.**


/s/ Eduardo Robreno
**EDUARDO C. ROBRENO, J.**

---

purchased a product and did not receive the full value of her purchase." Orlander, 802 F.3d at 302. In the consumer protection context, a plaintiff must plead a "price premium" she paid as a result of the deception, i.e., that she "paid more than [she] would have for the good but for the deceptive practices of the defendant-sellers." Id. Here, Plaintiff alleges that she and the putative class members were injured in "the amount they paid beyond what they would have been willing to pay had they not been deceived about the Products." SAC ¶ 56. This is sufficient to plead a price premium. See, e.g., Kacocha v. Nestle Purina Petcare Co., No. 15-5489, 2016 WL 4367991, at *8 (S.D.N.Y. Aug. 12, 2016) (finding Plaintiff's allegation that he "would not have paid the premium price he paid" to by the products at issue had he "known the truth" sufficient to plead GBL § 349 injury); Koenig v. Boulder Brands, Inc., 995 F. Supp. 2d 274, 289 (S.D.N.Y. 2014) (finding the plaintiff's allegations that they paid a price premium for the product sufficient to state a claim under GBL § 349).

Defendant relies on Izquierdo v. Mondelez International Inc., No. 16-4697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016), in which the court found that the plaintiffs had not sufficiently pleaded a "price premium" theory because they had "not alleged that they paid a higher price for the [c]andy than they otherwise would have, absent deceptive acts." Id. at *7 (emphasis in original). Instead, the plaintiffs merely alleged that the candy at issue was more expensive per ounce than other, unrelated sweets on the market, without tying the higher price of the product to the alleged misstatements. See id. Here, by contrast, Plaintiff does allege that she paid a higher price for the Products than she would have paid absent the misrepresentation. Defendant also cites three cases in which a court found a plaintiff's more detailed allegations regarding the price premium paid – including a comparison of what other products cost – sufficient to plead an injury, arguing that Plaintiff has failed to meet the "standard" established by those cases. Contrary to Defendant's suggestion, cases holding that more detailed allegations are sufficient to plead injury do not establish that Plaintiff's less detailed allegations are insufficient.